MATTER OF WEBB

In Deportation Proceedings

A-10042157

*Decided by Board February 16, 1966*

Respondent, whose cultivation or growing of marihuana plants resulted in his conviction under section 19-246 (coupled with section 19-265), Connecticut General Statutes, Annotated, for possession and having under his control a narcotic drug, has been convicted of a law relating to the production of a narcotic drug and since his conviction was not timely appealed, it has achieved finality and can properly support a deportation charge under section 241(a)(11), Immigration and Nationality Act, as amended, notwithstanding a civil action to set aside the verdict and for a new trial filed by him after the period for a timely appeal had passed was pending at the time of the deportaton proceedings, no showing having been made that the right to appeal is revived or continued by the filing of the civil action or that the case continues under the control of the trial court.

CHARGES:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violation of law relating to illicit possession of marihuana.

Lodged: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of a law relating to manufacture, production, or possession of a narcotic drug: possession, having under control, administering or dispensing of a narcotic drug: marihuana.

Respondent, a 47-year-old divorced male alien, a native and citizen of Jamaica, was admitted to the United States for permanent residence on August 17, 1956. The Service seeks to deport him because of his conviction for violation of a narcotic law. Counsel contends the conviction is lacking in finality and therefore cannot serve as the basis for an order of deportation.

On November 25, 1964, respondent was convicted under section 19-246 Connecticut General Statutes, Annotated, which broadly speaking defines two types of violation: one concerns possession of a narcotic drug, the other addiction. Whether a conviction is for

possession rather than addiction is dependent upon whether prosecution under section 19-246 is coupled with section 19-265 General Statutes Annotated (1964 Supp.) which provides the penalty for illegal possession or whether it is coupled with section 19-265a General Statutes Annotated (1964 Supp.) which provides the penalty for addiction (*United States ex rel. Swanson* v. *Reincke,* 344 F.2d 260 (2d Cir., 1965); *State* v. *Da Vila,* 183 A.2d 152 (1962)).[1]

In respondent's case the conviction was for possession or control. The information coupled section 19-246 with section 19-265, and charged that respondent and another "did possess, have under their control, administer or dispense a narcotic drug, to wit: marihuana * * *." The section under which respondent was convicted is similar to section 2 of the Uniform Narcotic Drug Act; while no decisions as to whether guilty knowledge is an essential ingredient of the crime of possession has been found for Connecticut, an interpretation of a similar provision elsewhere states that guilty knowledge is an essential ingredient of the crime (*State* v. *Johnson,* 82 So.2d 24 (La., 1955)).

The special inquiry officer did not rule on the charge in the order to show cause; he sustained the lodged charge. The conviction ap-

---

[1] Connecticut General Statutes Annotated § 19-246. Acts prohibited.

No person shall manufacture, possess, have under his control, sell, prescribe, dispense, compound, administer to himself or to another person or be addicted to the use of any narcotic drug, except as authorized in this chapter. (1949 Rev., § 3962; 1959, P.A. 485 § 1.)

Connecticut General Statutes Annotated § 19-265 (1964 Supp.). Penalty for illegal possession or dispensing.

Any person who violates any provision of this chapter, other than by administering to himself or by being addicted to the use of narcotic drugs, for the first offense, shall be fined not less than five hundred dollars nor more than three thousand dollars and imprisoned not less than five years nor more than ten years; or be both fined and imprisoned; and for a second offense, shall be fined not less than two thousand dollars nor more than five thousand dollars or imprisoned in the State Prison not less than ten nor more than fifteen years, or be both fined and imprisoned; and for any subsequent offense shall be imprisoned in the State Prison not less than fifteen nor more than twenty-five years. (1961, P.A. 246; 1963, P.A. 642, § 20.)

Connecticut General Statutes Annotated § 19-265a (1964 Supp.). Penalty for self-administration or addiction.

Any person who administers to himself or is addicted to the use of any narcotic drug, except when such drug is administered by or under the direction of a person authorized by this chapter to prescribe and administer narcotics, or is administered under the provisions of section 17-185, shall be imprisoned not more than five years, provided the court may commit the accused to the custody of the commissioner of mental health in accordance with the provisions of chapter 344b. The provisions of section 54-116 shall not apply to convictions under this section. (1963, P.A. 647, § 11.)

parently grew out of the fact that the respondent cultivated or grew marihuana plants found at the rear of a plant at which he was apparently employed. The special inquiry officer, in the belief that there might be a question as to whether possession of marihuana can be said to have existed when the drug was still in the plant form, preferred to sustain the lodged charge on the theory that it is concerned with the production of narcotic drugs and the cultivation of marihuana is a step in the production of marihuana. The lodged charge is clearly sustained (*Matter of P—G—*, 5 I. & N. Dec. 309). We need not pass on the charge in the order to show cause.

Having found that the law violated is one for which conviction makes an alien deportable, we may now consider counsel's contention that respondent's conviction lacks finality. The conviction was not appealed within the time provided by law; however, after the period for timely appeal had passed, respondent filed a civil action (December 31, 1964) to set aside the verdict and for a new trial. This action was pending at the time of the deportation proceedings. Counsel contends that while the action seeking review is pending, the conviction lacks finality. The contention must be dismissed. Counsel failed to show that the right to appeal is revived or continued by the filing of the civil action or that the case continues under the control of the trial court. The conviction has therefore achieved finality and can properly support a deportation charge (*Matter of Johnson*, A-6012667, November 8, 1965, Int. Dec. No. 1528).

ORDER: It is ordered that the appeal be and the same is hereby dismissed.